Oak Grove School District No. 20 *v*. Kinsworthy.

4-6489                                    155 S. W. 2d 897

Opinion delivered November 24, 1941.

*Abe Collins,* for appellant.

*E. K. Edwards,* for appellee.

GRIFFIN SMITH, C. J.  Kinsworthy sued the school district and its three directors, as such, alleging that between February 11 and March 22, 1940, he sold lumber to the district, ". . . the total value and contract price of which was $1,220.79." On February 16 and March 7, 1940, payments aggregating $924.09 were made, leaving a claimed balance of $296.61 when certain extra supplies were added.

The answer was a general denial, coupled with the allegation that an attempt was being made to collect the full contract price for materials agreed to be furnished, ". . . when [Kinsworthy] failed to furnish all of said materials and has been paid in full for all materials furnished, and the district was compelled to buy said materials not furnished from other persons."

The decree contains a finding that no contract was let for construction of the building; that no bond was executed to secure labor and material bills; that construction was a W. P. A. project, all labor having been supplied by the federal agency, but that the district furnished materials. According to the decree, Kinsworthy supplied 37,238 feet of finished lumber used in the building, the value of which was $1,220.79. Judgment was given for the balance of $296.61.

Appellants insist that the amount found by the chancellor to be due Kinsworthy was not established by any competent evidence, and that the maximum recovery should be $32.92, as shown by witnesses who testified for appellants.

Appellee attached to his complaint an itemized statement of materials furnished from February 11 to March 22—a total of 33,445 feet for which an "average" price of $33.20 was charged, amounting to $1,110.37. Follow-

ing this total on the statement are three extensions aggregating 2,601 feet, charged at $24 per thousand, or $62.42. Two other extensions totaling 1,225 feet are charged at $40 per thousand, amounting to $48. According to the statement, 37,271 feet of lumber were supplied, for which $1,220.79 was charged.

The contract introduced by appellee called for delivery of designated "pieces" and so many board feet of specified kinds and quality. There are thirty-three extensions of computations. These are not added in the brief or transcript, but the sum of the items is 37,341.

Appellee testified that he failed to deliver some of the lumber called for in the contract because of the breach due to nonpayment of bills on delivery. However, orders were given for lumber not called for by the contract, the agreed price for extras being $40 per thousand feet for No. 1, and $24 for No. 2. There was the emphatic statement that the district had not been charged with any lumber not used. The list of lumber appellee claims has not been paid for included 6,000 feet of ceiling and flooring, 518 feet of other materials under three groupings, and 50 pieces of window jambs, for which (as to the window jambs) a separate charge of $35 was made. On the extension, however, the $35 charge seems to have been disregarded, and 6,518 feet at $33.20 are carried forward as $216.38. The five entries which when grouped comprise the total of 6,518 feet (exclusive of the $35 charge) are duplicated in the principal statement which shows the total of 33,445 feet.[1] Appellee testified that the district received 3,300 feet of number one flooring, and that it had not been paid for.

All of the items on the secondary list charged on a per thousand foot basis appear to have been added to the principal statement embracing the total of 33,445 feet.

[1] The five items are: 1 x 4 beaded clg. No. 1, 3,300 feet; 1 x 4 flooring, No. 1, 2,700 feet; 18 pieces 1 x 12 16 No. S4S, 288 feet; 8 pieces 1 x 16 12 B&Btr. S4S, 48 feet; 23 pieces 1 x 6 16 B&Btr. S4S, 182 feet. Corresponding items appearing on the principal statement are: 18 pcs. 1 x 2 16 No. 1 S4S, 288 feet; 23 pcs. 1 x 6 16 B&Btr. S4S, 184 feet; 8 pcs. 1 x 6 12 B&Btr. S4S, 48 feet; 1 x 4 beaded clg. No. 1, 3,300; 1 x 4 flooring No. 1, 2,700 feet. [It will be observed that descriptions of items are not *identical*. For instance, in the principal statement 18 pieces of 1 x 12 16 show No. 1 S4S, while in the separate list "No. 1" is omitted. This is not regarded as material].

Charged at $33.20, the amount is $1,110.37. The "extras," aggregating in one instance 2,601 feet, and in another instance 1,125 feet, amount to $110.42, or a grand total of $1,220.79.[2]

The contract was made February 21, 1939, with first deliveries February 11, 1940. No basis of charge is set out in the contract. It merely calls for delivery of so many pieces of lumber of stated dimensions for $1,261; hence, to arrive at the "average" price, or the price per thousand feet, it is necessary to divide the contract price ($1,261) by the total number of feet agreed to be delivered (37,341), the result being $33.76 plus—a difference of 56 cents per thousand in the district's favor, of which it may not complain.

The total number of feet (33,445) listed as having been delivered against a charge of $33.20 (amounting to $1,110.37) is erroneous in that 400 feet not accounted for by the extensions is included. Proper addition is 33,045. At $33.20 per thousand this would amount to $13.28. On the other hand, appellee's error in using $33.20 as the average price when $33.76 is shown by dividing 37,341 into $1,261 accounts for a difference of $20.91. Therefore, the overcharge of $13.28 against the district, when deducted from the undercharge of $20.91, leaves an advantage of $7.63 with the district.

We think a preponderance of the evidence sustains the chancellor's finding that the lumber was supplied, and that the charges are not improper.

Affirmed.

---

[2] The segregated items aggregating 6,518 feet, and the extra items amounting to 1,225 feet copied on page 9 of appellants' brief are $216.38, $42.42, and $48, the listed total being $351.80. This is erroneous. The correct addition is $306.80. The $35 item does not appear to have been extended. If it should be included, the addition would be $341.80. The item of 1,225 feet at $40 is extended as $48. This should be $49—a difference of $1 in appellee's favor, while the error in adding $216.38, $42.42, and $49 as $351.80 amounts to an overcharge of $45, or a net overcharge on this statement of $44, exclusive of the unextended item of $35, which is not explained. However, since the principal statement contains a charge for "50 pieces 2 x 8 8 B&Btr. window jambs," and the $35 charge is for identical items, the presumption is that the charge was included in the main statement.